# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JACK HAROLD JONES, JR.                                                                PLAINTIFF

v.                                      No. 5:10CV00065 JLH

RAY HOBBS, in his official capacity as Acting
Director of the Arkansas Department of Correction                                     DEFENDANT

## OPINION AND ORDER

Jack Harold Jones, Jr., brings this action pursuant to 42 U.S.C. § 1983, claiming that the recently enacted Arkansas Method of Execution Act violates his due process right to access the courts and the *ex post facto* clause. The Governor of Arkansas has set March 16, 2010, as the date Jones will be put to death by lethal injection. Jones has filed a motion for a stay or to enjoin the execution to permit him to litigate his constitutional claims. Defendant has responded, and the matter is ready for decision. After careful consideration, and for the reasons that follow, the Court concludes that the motion for a stay of execution should be granted.

## I.

On June 6, 1995, Mary Phillips and her eleven-year-old daughter, Lacy Phillips, were at Mary Phillips's work place, an accounting office in Bald Knob, Arkansas. Jones entered the office and robbed Mrs. Phillips and her daughter at gunpoint. He tied Lacy to a chair in a bathroom and then anally raped and murdered Mrs. Phillips. Mrs. Phillips died from strangulation and blunt-force head injuries. He then entered the bathroom and choked Lacy until she passed out. Jones then struck her at least eight times in the head with the barrel of a BB gun, causing severe lacerations and multiple skull fractures. Lucy regained consciousness when the police were photographing her body, thinking she was dead.

## II.

On April 17, 1996, Jones was convicted of capital murder, rape, and attempted capital murder. He was sentenced to death, life imprisonment, and thirty years imprisonment, respectively. Jones appealed the convictions to the Arkansas Supreme Court. The court affirmed the convictions and sentences. *Jones v. State*, 329 Ark. 62, 947 S.W.2d 339, *cert. denied* 522 U.S. 1002, 118 S. Ct. 574, 139 L. Ed. 2d 413 (1997). Jones sought post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, which was denied. The Arkansas Supreme Court affirmed the denial of Jones's request for post-conviction relief in *Jones v. State*, 340 Ark. 1, 8 S.W.3d 482 (2000).

Jones then filed a petition for writ of *habeas corpus* in this Court, which was denied. *Jones v. Norris*, No. 5:00-CV-00401 ODS (E.D. Ark) (Document #56). The Eighth Circuit denied Jones's application for a certificate of appealability. *Id*. at Document #70, *cert. denied*, 549 U.S. 1035; 127 S. Ct. 587; 166 L. Ed. 2d 436 (2006).

Jones has also filed a previous complaint pursuant to § 1983. He was an intervenor plaintiff in a § 1983 suit brought by Terrick Terrell Nooner contending Arkansas's lethal injection protocol violated the Eighth Amendment protection against cruel and unusual punishment. This Court granted summary judgment in favor of the defendants. The Eighth Circuit affirmed the granting of summary judgment. *Nooner v. Norris*, 594 F.3d 592 (8th Cir. 2010).

## III.

In his motion, Jones seeks a stay of execution or preliminary injunction to permit resolution of his current § 1983 claims. Jones claims that Arkansas's Method of Execution Act (MEA) violates his due process right to access the courts. Jones contends that the MEA hinders his ability to pursue a nonfrivolous legal claim by denying him access to the actual lethal injection protocol that will be

used during his execution. He argues that the MEA fails to require a written protocol and further hinders his ability to pursue a legal claim regarding the protocol by restricting access to the protocol by exempting its release under the Freedom of Information Act.

Jones also claims that the MEA violates the *ex post facto* clause by creating a significant risk that his punishment will be increased, specifically that the MEA increases the risk of an excruciatingly painful execution by not requiring anesthesia and removing procedural safeguards, such as the requirements that the lethal injection protocol be open to public discovery and scrutiny, and be vetted by notification of the public, public comment, and legislative oversight. Jones also contends that his punishment is increased under the MEA in that there is a significant risk that he will endure increased mental anxiety before his execution. The increased anxiety would be due to his inability to ascertain the precise lethal injection procedure he will undergo during his execution.

The factors to consider when deciding whether to grant or deny motions for preliminary injunctions include "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. CL Sys.*, 640 F.2d 109, 113 (8th Cir. 1981). Additionally, a court considering a stay of execution must apply "strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring an entry of a stay." *Hill v. McDonough*, 547 U.S. 573, 584, 126 S. Ct. 2096, 2104, 165 L. Ed. 2d 44 (2006)) (quoting *Nelson v. Campbell*, 541 U.S. 637, 650, 124 S. Ct. 2117, 2126, 158 L. Ed. 2d 924 (2004)); *Nooner v. Norris*, 491 F.3d 804, 808 (8th Cir. 2007).

3

The Court finds that Jones has shown that he is personally under a threat of irreparable harm and that the balance of potential harm favors Jones. If a stay is granted and Jones's allegations prove true, he will be spared subjection to an unconstitutional execution procedure and the State's interest in enforcing death penalties in compliance with constitutional standards will be served. If, on the other hand, a stay is granted and Jones's allegations are without merit, the State can carry out Jones's execution without the specter that Arkansas's MEA carries an unreasonable risk of inflicting unnecessary pain.

The State argues that the equities favor the State because Jones unjustifiably delayed bringing his claims, as the MEA went into effect on April 9, 2009. However, Jones moved to intervene in a similar case brought by another death row inmate (*Williams v. Hobbs*, No. 5:09-CV-00394, 2010 WL 749563 (E.D. Ark., Mar. 2, 2010), but the Court dismissed the action and declined to permit Jones to intervene. Jones has not unjustifiably delayed pursuing his claims.

Next, the Court must consider the probability that Jones will succeed on the merits. Due process requires a person to have access to the courts without state action hindering his efforts to pursue "a nonfrivolous and arguably meritorious underlying legal claim." *Bandy-Bey v. Crist*, 578 F.3d 763, 765 (8th Cir. 2009) (citations omitted). The State contends that Jones has no chance of succeeding on the merits because this Court has already rejected and dismissed identical allegations in *Williams v. Hobbs*, No. 5:09-CV-00394, 2010 WL 749563 (E.D. Ark., Mar. 2, 2010). However, Jones need not show a mathematical probability of success on his complaint before a stay can be granted. It is enough that Jones has raised serious questions that call for deliberate investigation. *See Dataphase*, 640 F.2d at 113 ("But where the balance of other factors tip decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult

4

as to call for more deliberate investigation."). "[W]here the movant has raised a substantial question and the equities are otherwise strongly in his favor, the showing of success on the merits can be less." *Id*. Furthermore, the previous case in which the same allegations were dismissed is currently being appealed.

Finally, the public interest would be served if the Court considers Jones's constitutional claims. Crime victims and the general public have an important interest in the timely enforcement of criminal sentences. However, failure to consider Jones's allegations would ignore the equally important public interest in the humane and constitutional application of the State's lethal injection statute.

**CONCLUSION**

For the reasons stated, Jones's motion for a preliminary injunction is GRANTED. Document #3. IT IS HEREBY ORDERED that the execution of Jack Harold Jones, Jr., is STAYED pending further orders from this Court.

IT IS SO ORDERED this 11th day of March, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE