**THIS IS A CAPITAL CASE**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JACK HAROLD JONES, JR.                                                              PLAINTIFF

v.                                          Case No. 5:10CV00065 JLH

RAY HOBBS, in his official capacity as Acting
Director of the Arkansas Department of Correction                    DEFENDANT

## ORDER

Jack Harold Jones, Jr., a death row inmate, brings this action under 42 U.S.C. § 1983,
claiming Arkansas's recently enacted Methods of Execution Act (MEA) violates his due process right
to access the courts and the ex post facto clause. Jones seeks a declaration that the MEA is
unconstitutional and an injunction enjoining the State from carrying out his execution under the
MEA. Before the Court is a motion to intervene by Don W. Davis. Document #20. Davis is a death
row inmate scheduled to be put to death by lethal injection on April 12, 2010. After careful
consideration, and for the reasons that follow, Davis will be permitted to intervene pursuant to Fed.
R. Civ. P. 24(b)(2).

Davis seeks to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative,
by permissive intervention under Fed. R. Civ. P. 24(b)(2). A party seeking intervention of right
under Rule 24(a)(2) "must establish that: (1) it has a recognized interest in the subject matter of the
litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will
not be adequately protected by the existing parties." *South Dakota ex rel Barnett v. U.S. Dept. of
Interior*, 317 F.3d 783, 785 (8th Cir. 2003) (citation omitted); Fed. R. Civ. P. 24(a)(2).

Davis contends that his interest will not be adequately represented by existing parties
because, unless he is a party to the action, his execution may go forward without regard to this

proceeding. However, Davis's interest can be protected by filing a separate lawsuit, which would warrant expedited treatment in light of his April 12 execution date. As Davis can protect his interest without intervention, he fails to establish that the disposition of this case will impair his interest. The Court finds that Davis is not entitled to intervention of right under Rule 24(a)(2).

Under Rule 24(b)(2), upon timely application, anyone may be permitted to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." Davis meets this criterion. Additionally, the Court finds that Davis's intervention will neither unduly delay nor prejudice the adjudication of the rights of the original parties. Accordingly, Davis is permitted to intervene in this action pursuant to Rule 24(b)(2).

IT IS THEREFORE ORDERED THAT:

1.      Davis is granted leave to intervene as a plaintiff in this action. Document #20.

2.      Davis is directed to file a complaint on or before March 19, 2010. *See* Fed. R. Civ. P. 24(c)(2) (requiring a motion to intervene be accompanied by "a pleading setting forth the claim or defense for which intervention is sought.").

3.      The State's motion to dismiss, Document #9, will be deemed to also be a motion to dismiss Davis's complaint.

4.      Responses to the motion to dismiss must be filed on or before March 26, 2010, and the reply no later than April 2, 2010.

IT IS SO ORDERED this 17th day of March 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE