**THIS IS A CAPITAL CASE**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| JACK HAROLD JONES | PLAINTIFF |
| v.   Case No. 5:10CV00065 JLH | |
| RAY HOBBS, in his official capacity as Acting Director of the Arkansas Department of Correction | DEFENDANT |
| DON W. DAVIS; ALVIN BERNAL JACKSON; KENNETH DEWAYNE WILLIAMS; STACEY EUGENE JOHNSON; JASON FARRELL MCGEHEE; and BRUCE WARD | INTERVENORS |

**OPINION AND ORDER**

Jack Harold Jones, Jr., has filed a complaint pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief. Don W. Davis, Alvin Bernal Jackson, Stacey Eugene Johnson, and Kenneth Dewayne Williams previously have been permitted to intervene as plaintiffs. Jason Farrell McGehee and Bruce Ward have recently filed motions to intervene, and those motions are GRANTED. Documents #42 and #47. The plaintiffs allege that Arkansas's recently enacted Methods of Execution Act[1] ("MEA") violates the due process clause of the Fourteenth Amendment to the United States Constitution and the *ex post facto* clause in Article I, Section 10 of the United States Constitution. The State has moved to dismiss the complaints for failure to state a claim upon which relief may be granted. The issues are substantially the same as in *Williams v. Hobbs*, No. 5:09CV00394 JLH, 2010 WL 749563 (E.D. Ark. Mar. 2, 2010). The motion to dismiss in this action

---

[1] The full title of the MEA is "An Act to Clarify the Existing Procedures for Capital Punishment by Lethal Injection; and for Other Purposes." 2009 Ark. Acts 1296. It is codified at Arkansas Code Annotated Section 5-4-617 (2009).

will be granted for the same reasons as in *Williams*, which is currently on appeal to the United States Court of Appeals for the Eighth Circuit.[2]

## I.

All of the plaintiffs have received sentences of death. Jones's execution was scheduled for March 16, 2010. This Court stayed his execution for the purpose of allowing him to pursue the present complaint. Davis's execution has been set for April 12, 2010, and Johnson's has been set for May 4, 2010. No dates have been set for execution of the other plaintiffs.

Jones and Davis have filed previous complaints pursuant to § 1983. Both were intervenor plaintiffs in a § 1983 suit brought by Terrick Terrell Nooner contending Arkansas's lethal injection protocol violated the Eighth Amendment's protection against cruel and unusual punishment. This Court granted summary judgment in favor of the defendants, and the Eighth Circuit affirmed that decision. *Nooner v. Norris*, 594 F.3d 592 (8th Cir. 2010).

## II.

In this action, the plaintiffs seek relief pursuant to 42 U.S.C. § 1983. The plaintiffs allege that the MEA violates their due process right to access the courts because, they say, it prevents them from ascertaining how their death sentences will be carried out, leaving them no way of knowing that their executions will comport with the Constitution's limitations on gratuitous infliction of pain and suffering. Because they cannot obtain that information, they argue that they lack the factual predicate to prove a claim under the Eighth Amendment. The plaintiffs also present an *ex post facto* claim, arguing that the MEA creates a substantial risk of increasing the pain of their executions as

---

[2] The Court has expedited this decision so that any appeals from this order can be consolidated with the appeal in *Williams*, if the appellate court so chooses.

well as increasing their risk of mental anxiety in not knowing the procedure by which they will be put to death. The plaintiffs request that the Court permanently enjoin the defendant from applying the MEA to them and declare the MEA unconstitutional and invalid as applied to them.

In deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), all facts alleged in the complaint are assumed to be true, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007)). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 129 S. Ct. at 1974. A complaint is insufficient, however, if it alleges no more than enough to leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561, 127 S. Ct. at 1968. The facts alleged in the complaint must raise the right of relief above the speculative level. *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989).

Arkansas has provided for the death penalty to be administered by intravenous injection of lethal drugs since 1983. *See* Ark. Code Ann. § 5-4-617(a)(1) (2006 Repl.). The lethal injection protocol is contained in Attachment C to Administrative Directive 08-28. (Def.'s Mot. to Dismiss, Ex. 2, pp. 25-34.)[3] The protocol has been the subject of previous Eighth Amendment claims brought

---

[3] The plaintiffs do not allege that the lethal injection protocol has been changed since the enactment of Administrative Directive 08-28.

by death row inmates.  Federal courts have found Arkansas's lethal injection protocol to be constitutional.  *Nooner*, 594 F.3d at 608; *Nooner v. Norris*, No. 5:06CV00110 SWW, 2008 WL 3211290 (E.D. Ark. Aug. 5, 2007).

As noted above, the plaintiffs contend that the MEA violates due process by suppressing information regarding how their death sentences will be carried out.  The plaintiffs contend that, by suppressing such information, the State thwarts their ability to file an action to enforce their legal rights, as they have no way of knowing whether the method of their executions will comport with the Eighth Amendment's limitations on gratuitous infliction of pain and suffering.

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."  *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007).  "To prove actual injury, [a prisoner] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.' " *Id*. (quoting *Lewis v. Casey*, 518 U.S. 343, 353, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)).

The MEA provides:

> The policies and procedures for carrying out the sentence of death and any and all matters related to the policies and procedures for the sentence of death are not subject to the Freedom of Information Act of 1967, § 25-19-101 et seq., *except for the choice of chemical or chemicals that may be injected, including the quantity, method, and order of the administration of the chemical or chemicals*.

Ark. Code Ann. § 5-4-617(a)(5)(B) (2009) (emphasis added).  The choice of chemical or chemicals that may be injected, including the quantity, method, and order of administration, is thus available to the public pursuant to the Arkansas Freedom of Information Act ("FOIA").  Therefore, the

4

information the plaintiffs need to challenge the method of execution under the Eighth Amendment has not been suppressed by the MEA.

As noted above, the lethal injection protocol has been challenged recently under the Eighth Amendment as applied to the states through the Fourteenth Amendment. *Nooner*, 594 F.3d 592. The protocol was filed in the public record in that case and continues to be accessible through the Case Management/Electronic Case Files (CM/ECF) website for the United States District Court of the Eastern District of Arkansas. *Nooner*, No. 5:06CV00110 SWW (Document #129-2, pp. 3-8; Document #137-3, pp. 15-19). Current counsel for Jones and Davis represented them in that very action, where they were intervenor plaintiffs; so Jones and Davis obviously have access to the lethal injection protocol. Indeed, Jones's complaint describes the lethal injection protocol in terms that show that his lawyers have reviewed it. Document #2, ¶ 12. Davis's complaint similarly describes the 26-page protocol. Document #24, ¶ 12. Jackson, Johnson, and Williams are represented by the same counsel as Jones; therefore, they clearly have access to the lethal injection protocol.

The plaintiffs argue that the Director of the Arkansas Department of Correction might evade the FOIA by not creating a document recording the lethal injection protocol or by creating a lethal injection protocol so close to the date of execution that it cannot be discovered or challenged. They do not allege that either scenario has actually happened or that there is reason to believe that either scenario is imminent.[4] Their allegations on this point are no more than speculation as to what might happen someday. The plaintiffs have not alleged "a sufficiently substantial risk of serious harm or

---

[4] Davis argues that because the Arkansas Department of Correction has frequently changed its execution protocols, there is a significant risk that it will change the protocol prior to his execution. Document #24, p. 14. However, he fails to allege any facts to show that the protocol will likely be changed prior to his execution.

a sufficiently imminent danger" to state a claim. *Clemons*, 585 F.3d at 1128.  They have not alleged an actual injury, that is, that a nonfrivolous claim has been frustrated or is being impeded. *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008).  The MEA on its face and as applied to the plaintiffs is not unconstitutional for suppressing information that the plaintiffs need to determine whether their method of execution violates the due process clause.  Therefore, their due process claims are dismissed.

The plaintiffs also argue that the MEA violates the *ex post facto* clause of Article I, Section 10 of the United States Constitution.  The *ex post facto* clause prohibits "any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S. Ct. 2715, 2719, 111 L. Ed. 2d 30 (1990) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169, 46 S. Ct. 68, 68-69, 70 L. Ed. 216 (1925)).  The plaintiffs allege that the MEA, by repealing a requirement that lethal injection be preceded by anesthesia, creates a risk that their executions will be more painful than they would be if governed by the law in effect when they committed their crimes.  The plaintiffs also allege that, by keeping secret the method by which they will be executed, there is a risk that their executions will be more painful than they would be if they were carried out by the law that was previously in place and a risk that they will endure mental anxiety regarding how they will be executed and the pain involved.

The plaintiffs' *ex post facto* claim again relies upon their false conclusion that the MEA prohibits them from ascertaining the method of their executions.  As noted above, the MEA makes available to the public through the FOIA the "choice of chemical or chemicals that may be injected,

including the quantity, method, and order of the administration of the chemical or chemicals." Ark. Code Ann. § 5-4-617(a)(5)(B). Furthermore, as previously noted, the plaintiffs have access to Arkansas's lethal injection protocol through the files of this Court. Again, the plaintiffs do not allege that the lethal injection protocol has been changed since the passing of the MEA. They do not allege that the lethal injection protocol fails to include anesthesia.

The MEA does not punish an action that was innocent when committed, nor does it make the punishment more burdensome. Viewing the complaints in the light most favorable to them, the plaintiffs merely speculate that some day the protocol might be changed to make the punishment more burdensome. Davis has attempted to differentiate his claims by arguing that his depends on disputed facts regarding his upcoming execution and not merely issues of law. However, he fails to allege a factual basis for his contention that there is a significant risk that the State will change the protocol prior to his execution. His arguments that the State routinely changes the protocol, that the State would omit anesthesia due to practical advantages, and that the State has demonstrated disregard for inmate suffering during executions are speculative. Such speculation as to what may happen some day is inadequate to state a claim for relief. Therefore, the plaintiffs' *ex post facto* claims are dismissed.

### III.

All of the plaintiffs have requested a stay of execution in their prayer for relief. Only Davis and Johnson, however, currently have an execution date set. This Court previously granted a stay of execution to Jones. The reasons for staying the execution of Jones apply equally to Davis and Johnson. To state it succinctly, the issues raised are serious, and the plaintiffs are entitled to appeal the dismissal of their complaint. Absent a stay of execution, Davis and Johnson could suffer

irreparable harm. The balance of harm and the public interest support a stay of execution. This Court does not believe that Davis and Johnson have been guilty of unreasonable delay. Therefore, the Court orders that the executions of Don W. Davis and Stacey Eugene Johnson be stayed pending further orders of the Court.

## CONCLUSION

For the reasons stated, the State's motion to dismiss is GRANTED. Document #9. The plaintiffs' claims under 42 U.S.C. § 1983 are dismissed without prejudice for failure to state a claim upon which relief may be granted. To permit an appeal of this Order, Davis and Johnson's requests for stays of execution are GRANTED pending further orders from this Court.

IT IS SO ORDERED this 5th day of April, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE